UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DOMINICK DIGILORMO & CLAUDETTE DIGILORMO** | **CIVIL ACTION NO. 5:14-00515** |
| **VERSUS** | **JUDGE HICKS** |
| **CAPITAL ONE, N.A.** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the district court, is a Motion to Remand, [doc. # 9], filed by Plaintiffs Dominick and Claudette Digilormo.[1] The Motion is opposed. For reasons stated below, the Motion is **GRANTED**.

### Background

On January 24, 2014, Plaintiffs, husband and wife[2], sued Defendant Capital One in the First Judicial District Court, Parish of Caddo, State of Louisiana, seeking payment of principal and interest on two $50,000 certificates of deposit. [doc. # 1-1, p. 2]. According to the Petition, on February 17, 1995, Plaintiffs each deposited $50,000 into Pioneer Bank (Pioneer Bank merged with Hibernia National Bank and Defendant Capital One, in turn, acquired Hibernia) and Pioneer, in return, issued two separate certificates of deposit[3], one to Dominick in Dominick's name only and one to Claudette in Claudette's name only. *Id.* Plaintiffs aver that they presented

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this Ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] [doc. # 11-1, p. 2].

[3] Each certificate of deposit is actually labeled, "Savings Certificate." [doc. # 1-1, p. 5, 6].

both certificates for payment but Defendant refused to pay. As a result, Plaintiffs seek the following relief: (1) payment of principal; (2) payment of interest; (3) payment of legal interest; (4) payment of all costs of expert witnesses; (5) attorney's fees; and (6) all other relief to which they may be entitled. *Id.* at 4.

On March 10, 2014, Defendant removed the matter on the basis of diversity jurisdiction. [doc. # 1, p. 2]. In addition to asserting that the parties are diverse, Defendant argues that the amount in controversy is met because "Plaintiffs have asserted a claim against Capital One for the value of two savings certificates totaling $100,000 plus payment of interest at the rate of 7.00% per annum. *Id.* On April 8, 2014, Plaintiffs filed the instant Motion to Remand, arguing that the amount in controversy does not exceed $75,000 because their two claims cannot be aggregated. [doc. # 9].

Defendant, in response, argues: "Plaintiffs attempt to defeat this Court's jurisdiction by arguing that each certificate at issue is a separate and distinct claim not subject to aggregation to meet the $75,000 amount in controversy requirement for diversity jurisdiction. The facts, however, establish that the entire amount at issue, $114,490, is one claim that is part of Plaintiffs' community property regime." [doc. # 11, p. 1-2]. Defendant explains, "Plaintiffs' community property regime is intact, both certificates are community assets, making the claim against [Defendant] a claim owned by the community that satisfies the amount in controversy requirement . . . ." *Id.* at 2.

The matter is now before the Court.

## **Law and Analysis**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Thus, a suit is presumed to lie outside this limited jurisdiction unless

and until the party invoking federal jurisdiction establishes otherwise. *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

In this case, Defendant invokes the Court's jurisdiction via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Plaintiffs do not contest that the parties are diverse; rather, as mentioned, they dispute Defendant's assertion that the amount in controversy exceeds the jurisdictional minimum.

Plaintiffs ordinarily may not aggregate their damage claims to satisfy the requisite jurisdictional minimum. *Derouselle v. Wal-Mart Stores, Inc.*, 934 F. Supp. 214, 217 (W.D. La. 1996) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995)), abrogated on other grounds by *H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326 (5th Cir. 2000). "The Supreme Court has long interpreted § 1332's phrase 'matter in controversy' not to allow multiple plaintiffs to add together ' separate and distinct demands, unite[d] for convenience and economy in a single suit,' to meet the requisite jurisdictional level." *Allen*, 63 F.3d at 1330. However, two plaintiffs may be permitted to aggregate their damages if the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). The Fifth Circuit, in *Allen*, explained this "single title or right" test thusly:

> The application of this standard depends upon the history-laden notion of what constitutes an individual cause of action.[4] Therefore, a necessary first step is an

---

[4] Therefore, this rule is not to be confused with that of joinder under FED. R. CIV. P. 20, which requires that plaintiffs' claims be transactionally related. The fact that claims arise from the same transaction or occurrence is an insufficient justification to allow aggregation. See 1

> examination of the configuration of the state-law right at issue. Again, the purpose of this inquiry is to determine whether the state law claim creates one right of recovery.

*Allen*, 63 F.3d at 1331 (internal citations omitted).

Here, the Court must decide whether Plaintiffs' claims for damages under Louisiana law constitute two single and distinct causes of action or one unified cause of action that seeks to enforce a single title or right in which Plaintiffs possess a common and undivided interest.[5] Defendant essentially argues that Plaintiffs' claims constitute one right of recovery because the funds used to buy the certificates of deposit, the certificates themselves, and the interest earned thereon, are community property in which Plaintiffs possess a common and undivided interest. [doc. # 11, p. 1-2].

Louisiana maintains a community property regime. LA. CIV. CODE ANN. art. 2334. Under the regime, "[e]ach spouse owns a present undivided one-half interest in the community property," and "[e]ach spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law." *Id.* art. 2336, 2346. However, "A spouse has the *exclusive* right to manage, alienate, encumber, or lease movables issued or registered in his name as provided by law." *Id.* art. 2351 (emphasis added).

---

Moore, supra, ¶ 0.97[3], at 920 ("The appropriateness of aggregation depends upon the nature of the plaintiffs' claims rather than on the source of the right to sue or transactional relatedness of the claims.").

[5] Plaintiffs' claims for money owed under two certificates of deposit sound in contract. For instance, in *Lilliedahl & Mitchel, Inc. v. Avoyelles Trust and Sav. Bank*, 352 So. 2d 781, 785 (La. App. 3d Cir. 1977), the court held that a corporation's suit against a bank to recover proceeds from three certificates of deposit arose *ex contractu* because its purpose was to recover on a contract between the bank and its depositor. The court explained: "When the Bank issued the certificate of deposit it acknowledged a receipt of money from the Corporation and promised to repay the money to the Corporation with interest at a later date. This suit is merely to enforce the promise to pay . . . ." *Id.*

In Louisiana, a certificate of deposit is a movable. *Arnold v. Fenno*, 652 So. 2d 1078, 1081 (La. App. 4th Cir. 1995). Thus, a spouse has the exclusive right to manage a certificate of deposit if it is issued or registered in his or her name. That in mind, "if one spouse is the managing spouse with respect to the community right sought to be enforced, then that spouse is the proper plaintiff to bring an action to enforce the right." La. Code Civ. Proc. Ann. art. 686.

Here, Plaintiffs present one certificate registered in Dominick Digilormo's name only and another certificate registered in Claudette Digilormo's name only.[6] Each Plaintiff, therefore maintains the exclusive right to manage[7] his or her own respective certificate and the concomitant exclusive right to bring an action to enforce any rights relative to his or her certificate. Claudette cannot bring an action to enforce Dominick's rights relative to the certificate registered in Dominick's name and Dominick cannot bring an action to enforce rights relative to the certificate registered in Claudette's name.[8]

As one treatise explains: "[I]f one spouse contracts with a third person, the other spouse cannot 'cancel the contract, extend the time for performance, enforce the contract, or recover damages for its breach.' Nor can the non-incurring spouse enforce the obligation." 16 La. Civ. Law Treatise § 5:4. By way of example, "[I]f one spouse contracts with a manufacturer for

---

[6] Plaintiffs do not dispute Defendant's position that the certificates constitute community property.

[7] Defendant concedes that "the name of the spouse set forth on each savings certificate identifies which spouse is managing that certificate on behalf of the community." [doc. # 11, p. 4].

[8] This result, dictated by the Louisiana community property laws, is consistent with Louisiana's commercial laws. Each Plaintiff, in other words, appears to be the holder in due course, La. Rev. Stat. Ann. 10:3-302(a), of a negotiable instrument, La. Rev. Stat. Ann. 10:3-104(j), that only he or she, with respect to his or her own registered certificate, is entitled to enforce, La. Rev. Stat. Ann. 10:3-301.

furniture, only the contracting spouse can cancel or enforce the contract." *Id.* This is because third persons contract with individuals—a husband, a wife, or both—not with a community. *Id.* § 5:20. If litigation commences over such a contract, "The other spouse may be affected financially by any judgment, and, thus, may have an interest in the litigation, but the third person is entitled to be sued by and to litigate with the person with whom he contracted." *Id.* If the non-contracting spouse sues the third-party, the third-party "should succeed with an exception of no right of action . . . ." *Id.* All of this is to say that only the contracting spouse, regardless of whether he or she contracts for or with community property, can bring an action to enforce that contract; consequently, if two spouses each enter their own separate contracts involving community property and then both spouses sue to enforce their own respective contracts, each suit constitutes a separate and distinct demand.

  Defendant spends considerable time attempting to convince the Court that "[t]he fact that each Plaintiff took $50,000 of community funds and purchased a savings certificate each in their own name does not remove the certificates from the community property regime." [doc. # 11, p. 4]. Defendant argues similarly, "simply because the law allows one spouse to manage, control, and dispose of a community asset, that right does not change the nature of the ownership of the asset." *Id.* While the Court agrees with Defendant's premise, the narrow issue at hand is not whether the certificates remain in the community property pool, but whether there is one right of recovery or two rights of recovery. Stated differently, the ownership of the assets is irrelevant; instead, the relevant inquiry is who has the right to enforce a claim to the assets.

  Defendant, similarly, appears to focus on the language in *Snyder supra* stating that two plaintiffs may aggregate damages if the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest," and attempts to establish that Plaintiffs have a

6

common and undivided interest in the two certificates. However, Defendant overlooks the "single title or right" phrase. Indeed, Plaintiffs may have a common and undivided interest in the two certificates, but, as explained above, they cannot "unite" to enforce the other's rights in his or her certificate[9] because each Plaintiff's claim constitutes a "separate and distinct demand." *Allen*, 63 F.3d at 1330.

The Fifth Circuit, in *Muse v. U.S. Cas. Co.*, 306 F.2d 30 (5th Cir. 1962), addressed an issue remarkably similar to the one at bar. There, a wife sued an insurance company for her own personal injuries, her own lost wages, and damage to her family's vehicle. *Id.* She attempted to aggregate all of the damage claims because her personal injury claim alone did not meet the jurisdictional amount.[10] *Id.* However, under Louisiana law at the time, the claims for damage to the family vehicle and lost wages belonged to the community and only the husband had the right to sue on behalf of the community. *Id.* Disregarding the communal nature of the property, the court held that, because only the husband could pursue the vehicle damage and lost profit claims, those claims could not be aggregated with the wife's personal injury claim to meet the jurisdictional amount. *Id.*

---

[9] In *Rodrigue v. Rodrigue*, 218 F.3d 432, 438 (5th Cir. 2000), the Fifth Circuit recognized this distinction and stated that "the Civil Code specifies . . . that [the spouse in whose name a movable is registered] has exclusive management rights . . . but preserves for the spouses jointly the right to enjoy the benefit (the fructus) of such property." The court provided examples of exclusive management of community property versus shared enjoyment of the property: "A paycheck issued by the employer in the name of the employee-spouse alone can be cashed . . . only by that spouse; yet, the proceeds of the paycheck representing earnings of one spouse in community, belong to the community. Likewise, a motor vehicle purchased with community funds but titled in the name of one spouse alone can be sold, leased, or encumbered only by the named spouse; yet the proceeds of any such disposition belong to the community." *Id.* (internal footnote omitted).

[10] She claimed $30,000 in personal injuries, which was over the $10,000 jurisdictional threshold, but the insurance carrier's liability limit was $10,000. *Muse*, 306 F.2d at 30.

Here, there are two rights of recovery. Neither spouse can bring suit to enforce the certificate of deposit registered in the other spouse's name. This is not a case where multiple plaintiffs seek to enforce a common interest separable amongst themselves, this is case where two plaintiffs seek to enforce two separate causes of action which, if successful, will result in an essentially inseparable damage award belonging to the community. In short, the two claims, while jointly triable, belong to each Plaintiff for jurisdictional purposes; therefore, Defendant may not aggregate the claims to meet the minimum amount in controversy.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand, [doc. # 9], is **GRANTED**. By separate judgment, the case shall be **REMANDED** to the First Judicial District Court for the Parish of Caddo, State of Louisiana.

In Chambers, Monroe, Louisiana, this 16th day of May, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE